Dear Sheriff Pylant:
Reference is made to your recent request for an opinion of this office regarding the legality of a proposed cooperative endeavor agreement between the Franklin Parish Sheriff's Office and the Winnsboro Gun Club, Inc. The Winnsboro Gun Club, Inc. is a private entity that operates a shooting range in Franklin Parish. The agreement would provide for the construction, by the Sheriff's Office, of a 2,400 square foot metal and cinder block building upon land belonging to the gun club, for use by the Sheriff's Office.
Currently, membership in the gun club provides all of your employees with access to the range for firearms training, and, according to your correspondence, there is no other such facility in Franklin Parish. In addition, your office is able to utilize the gun club's property and facilities as a staging area for sensitive undercover operations. The Sheriff's Department currently maintains a small portable building, as an office and for storage of equipment, on the Gun Clubs grounds. Unfortunately, the portable building no longer meets the Sheriff's Department's needs, hence, the proposed new building.
Assuming your office does enter into the proposed arrangement with the gun club, the Sheriff's Office will build the new building, which will contain an office, bathrooms, and vehicle and equipment storage for use by the Sheriff's Office. The building will be built with public funds of the Sheriff's Office and inmate labor. Your office would have exclusive use of the new building for a period of ten (10) years, with an option for a long-term lease thereafter, and with a monthly rental to be negotiated and set forth in the agreement. According to your letter, you believe that this arrangement will allow your Department to continue to have access to a quality firearms training facility at a far lower cost than would be required for construction and maintenance of a comparable public facility.
The constitutional standard for the lawful use of public funds and property is found in Article VII, Section 14 of the Louisiana Constitution of 1974. Paragraph (A) generally prohibits the loan, pledge, or donation of public funds and property. Exceptions to this prohibition are found in Paragraph (B), all of which are inapplicable to the issues at hand.
Paragraph (C) of Section 14 authorizes public entities to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private corporations, or individuals. However, Paragraph (C) supplements the prohibition against donations in Section 14(A). It does not create an exemption or exception from the general constitutional prohibition. The Louisiana Supreme Court has ruled that all cooperative endeavors authorized by Section 14(C), must also meet the general standard for the non-gratuitous alienation of public funds or property established by Section 14(A). See City of Port Allen v. La. RiskManagement, et al, 439 So.2d 399 (La. 1983).
Despite the authorization of cooperative endeavors, Section 14(A) is, nevertheless, violated whenever the State seeks to give up something of value in the absence of a legal obligation to do so. In other words, only if the use of public funds or property is authorized by a valid legal obligation, will it be considered a constitutionally sanctioned cooperative endeavor. The requirement of a legal obligation to expend public funds or use public property is the threshold, but not the only predicate for the constitutionality of the expenditure or use. The expenditure or use must also be for a public purpose and create a public benefit proportionate to its cost. Attorney General Opinion Nos. 92-722 and 90-651.
In accordance with La. Const. Art. 5, Sec. 27, the sheriff " shall be the chief law enforcement officer in the parish ". Numerous statutory provisions refer to and provide for the law enforcement duties of the sheriff, including La.R.S. 33:1435, which provides, in part, that each sheriff shall be " the keeper of the public jail and shall preserve the peace and apprehend public offenders." Additionally, La.R.S. 15:704
provides:
 "Each sheriff shall be the keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturbers thereof, and other public offenders."
The above-quoted constitutional and statutory provisions establish the duties of the Sheriff as a law enforcement officer. Clearly, in order to properly perform his duties of the office of Sheriff, both the Sheriff and his deputies must be well trained in the use of firearms and the conduct of undercover operations. There can be no question, but that the sheriff has both the authority, as well as a legal duty, to provide proper training to his office.
We also call to your attention the provisions of La.R.S. 33:1461, pursuant to which sheriffs " are authorized to open and maintain such sub-offices or offices as in their judgment the nature and requirements of their duties and work may require."
In our opinion, the constitutional and statutory provisions quoted herein provide the sheriff with the authority to open and operate an office/training facility such as the one you describe. It is our further opinion that if you have determined that the most economical and efficient way to acquire such a facility is pursuant to an agreement with the gun club, as you have described, then such would not violate La. Const. Art.VII, Sec. 14.
Trusting this adequately responds to your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:dam
Date Released: November 15, 2001